# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM B. GALVAN,<br><br>        Plaintiff,<br><br>   v.<br><br>WARDEN A. HEDGPATH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01781-OWW-WMW PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>(Doc. 17) |

Plaintiff Adam B. Galvan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison in Delano, California. Plaintiff is suing under section 1983 for the violation of his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Plaintiff names A. Shittu (doctor), Robert Ayers (warden), and A. Hedgpath (warden) as defendants. For the reasons set forth below, it is recommended that Plaintiff's claims against Defendants Ayers and Hedgpath be dismissed, and this action proceed against Defendant Shittu for deliberate indifference to Plaintiff's medical needs.

I.    **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Background**

    **A.    Procedural Background**

Plaintiff filed the Original Complaint in this action on November 20, 2008. (Doc. #1.) The court screened Plaintiff's Original Complaint on March 16, 2009. (Doc. #10.) Plaintiff was ordered to either file a First Amended Complaint, or notify the court of his willingness to proceed only on the claims found to be cognizable by the court in his Original Complaint. In doing so, the Court found that Plaintiff stated a cognizable claim against Defendant Shittu for deliberate indifference to his medical needs, but Plaintiff's claims against Defendants Ayers and Hedgpath were not cognizable. Plaintiff filed his First Amended Complaint on May 22, 2009. (Doc. #17.) This action proceeds on Plaintiff's First Amended Complaint.

    **B.    Factual Background**

Plaintiff alleges that defendants were deliberately indifferent to his medical needs. Plaintiff suffers from the after-effects of a gun shot wound he experienced years ago.

///

Plaintiff has little to no use of his right hand and suffers brain damage from the fragments of the bullet that were left in his brain. Plaintiff also experiences severe pain.

Plaintiff states that "my brain damage and physical disability were completely overlooked as well as my very important need for medical treatment". (Compl. 2.) Plaintiff was seen by Defendant Shittu and requested to be placed on "ADA status" and transferred to a medical institution where he could receive physical therapy for his hand. Plaintiff cannot use his hand due to his injury. Plaintiff alleges that he needs two hours of physical therapy per day. Defendant Shittu refused to grant Plaintiff "ADA status" and "really didn't care about my [hand injury] or the fact that I must receive therapy." (Compl. 3.) Plaintiff alleges that Defendant Ayers "was responsible for transferring me to a[] medical institution" and that "he not only did not transfer me, he put m[y] life in danger by placing me in general population and i[n] dangerous living conditions." (Compl. 3.) Defendant Hedgpath "refuse[d] to transfer me to a medical institution and [is] responsible for the Doctor's action[s]". (Compl. 3.)

**III.    Discussion**

**A.    Eight Amendment Claims**

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A

prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1. Medical Treatment

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by refusing to provide physical therapy for his hand or transfer him to an institution that would provide physical therapy. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). However, the Constitution does not require prisons to provide state-of-the-art medical care. Failure to provide medical care only rises to the level of a constitutional violation under exceptional circumstances where a prisoner has (1) a "serious medical need" and (2) prison officials were "deliberately indifferent". Id. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104).

Plaintiff alleges that he suffered from severe pain as a result of his gunshot wound and had no use of his right hand. Plaintiff further alleges that Defendant Shittu, his doctor, refused to provide physical therapy and exhibited a callous attitude toward Plaintiff's medical needs. Liberally construed, Plaintiff states a cognizable Eighth Amendment claim against Defendant Shittu.

Defendants Ayers and Hedgpath are sued for their actions as wardens at San Quentin State Prison and Kern Valley State Prison. As supervisory personnel, they are only liable under section 1983 for the constitutional violations that they personally participated in. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory

of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations against Defendants Ayers and Hedgpath regarding his medical treatment are sparse. Plaintiff alleges only that Defendant Ayers had the authority to transfer Plaintiff to a medical institution but did not exercise that authority. Plaintiff alleges Defendant Hedgpath also refused to transfer Plaintiff to a medical institution and was "responsible" for Defendant Shittu's action. The fact that Defendants Ayers and Hedgpath are wardens "responsible" for the everyday running of the prison and therefore "responsible" for the activities of prison doctors is not sufficient to hold them liable to Plaintiff in a section 1983 action for the alleged constitutional violations committed by their employees. Plaintiff attempts to establish direct participation by Defendants Ayers and Hedgpathby alleging that they could have transferred Plaintiff to a different institution where, hypothetically, Plaintiff would have received better medical treatment. Plaintiff's allegations do not demonstrate that Defendants Ayers and Hedgpath acted with deliberate indifference. Plaintiff does not allege that Defendants Ayers and Hedgpath had actual knowledge that Plaintiff faced a serious risk of harm if they did not exercise their authority to transfer Plaintiff to another institution. Therefore, Plaintiff fails to state a claim against Defendants Ayers and Hedgpath.

### 2. Placement in General Population

Plaintiff alleges that Defendant Ayers placed Plaintiff's life in danger by placing him in the general prison population. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's

safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff does not allege that placement in the general prison population exposed Plaintiff to a specific risk to his safety. Plaintiff generally alleges that he is housed in "main line general population [where] the mass partake in prison political wars as to race and gangs etc." (Compl. 11.) Plaintiff does not allege how the "prison political wars as to race and gangs" posed a risk to him. Defendant Ayers actions do not amount to deliberate indifference unless he was aware of a specific risk of harm directed at Plaintiff and Defendant Ayers disregarded that risk by placing Plaintiff in the general population. Therefore, Plaintiff fails to state a cognizable claim against Defendant Ayers for disregarding a threat to his safety.

## IV.  Conclusion and Recommendation

Plaintiff's complaint states cognizable claims against Defendant Shittu for deliberate indifference to his medical needs. However, Plaintiff does not state cognizable claims against Defendants Ayers and Hedgpath. Plaintiff was provided with the opportunity to amend and his First Amended Complaint failed to remedy the deficiencies with his claims against Defendants Ayers and Hedgpath. The court finds that the deficiencies with Plaintiff's claims against Defendants Ayers and Hedgpath are not curable by further amendment of his complaint. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's First Amended Complaint, filed on May 22, 2009, against Defendant Shittu for deliberate indifference to Plaintiff's medical needs; and

2. Plaintiff's claims against Defendants Ayers and Hedgpath be dismissed for failure to state a claim

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).IT IS SO ORDERED.

6

1 | **Dated:    June 1, 2009**              /s/  **William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE