# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM B. GALVAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SHITTU, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01781-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>(Doc. 35)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Adam Galvan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Soledad Valley State Prison. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Dr. Shittu as a defendant ("Defendant"). For the reasons set forth below, the Court recommends that the motion to dismiss be granted.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

    **A.    Procedural Background**

This action proceeds on Plaintiff's first amended complaint filed on May 22, 2009. (Doc. #17.) After screening Plaintiff's first amended complaint on June 1, 2009, the Court determined that this action should proceed on Plaintiff's claim against Defendant for deliberate indifference in violation of the Eighth Amendment. Defendant filed a motion to dismiss on March 15, 2010. (Doc. #35.) Plaintiff did not file an opposition. On May 26, 2010, Defendant filed a reply noting Plaintiff's failure to file an opposition. (Doc. #38.)

    **B.    Factual Background**

The present action arises from events that occurred while Plaintiff was an inmate at Kern Valley State Prison ("KVSP"). Plaintiff alleges that Defendant Shittu was deliberately indifferent to his medical needs in violation of the Eighth Amendment. Plaintiff suffers from the effects of a

1  gun shot wound he endured several years ago.  Plaintiff has little use of his right hand and suffered
2  brain damage from the fragments of a bullet left in his brain.  Plaintiff also alleges that he
3  experiences severe pain.
4        Plaintiff was seen by Defendant, and requested to be placed on "ADA status" and transferred
5  to a medical institution where he could receive some form of physical therapy.  Plaintiff alleges that
6  Defendant refused to grant Plaintiff "ADA status" and stated that he "really didn't care about
7  [Plaintiff's injuries] or that [he] must receive therapy."  (Am. Compl. 3, ECF No. 17.)

      **C.**      **Defendant's Motion to Dismiss**

9        Defendant moves for dismissal on several grounds.  First, Defendant argues that Plaintiff
10 failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation
11 Reform Act ("PLRA").  Defendant argues that Plaintiff did not pursue his administrative remedies
12 pertaining to the present complaint through all levels of review to a Director's Level Decision.  (Mot.
13 to Dismiss 4:21-23, ECF No. 35.)  Defendant further notes that Plaintiff attached exhibits to his First
14 Amended Complaint that contradict his assertions of deliberate indifference.  (Id. at 6:22-7:3.)  Thus,
15 Defendant maintains that Plaintiff has failed to state a claim.  Finally, Defendant argues that Plaintiff
16 lied to the Court under penalty of perjury in his complaint when he indicated that he had not filed
17 any other lawsuits as a prisoner.  Defendant states that Plaintiff had previously brought a complaint
18 for deliberate indifference against other defendants.  (Id. at 7:14-18.)  Defendant argues that
19 Plaintiff's actions are sanctionable and that there are no other means of sanctioning Plaintiff other
20 than to dismiss the complaint.

**III.**      **Discussion**

      **A.**      **Failure to Exhaust Administrative Remedies**

23       Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing
24 suit.  Defendant argues that while Plaintiff exhausted his administrative remedies in an unrelated
25 grievance, he failed to do so with the present action.  Defendant submits the declarations of D.
26 Foston, J. Walker, B. Daveiga, and R. Robinson in support of this argument.
27       "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or
28 any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires proper exhaustion. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." Id. at 90-91. The proper exhaustion requirement serves two important purposes: 1) it gives an agency the opportunity to correct its own mistakes before it is brought into federal court and it discourages disregard of the agency's procedures; and 2) it promotes efficiency because claims can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. Id. at 89.

Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief based on the complaint. Booth v. Churner, 532 U.S. 731, 741 (2001). Thus, prisoners cannot evade the exhaustion requirement by limiting their request for relief to forms of relief that are not offered through administrative grievance mechanisms. Id. Further, prisoners may not cease pursuing administrative appeals simply because the appeal process does not offer the form of relief that they seek. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). However, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.

Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

During Plaintiff's incarceration at KVSP, he filed six 602 Administrative Complaint forms prior to November 20, 2008, the date on which Plaintiff's complaint was filed. Only two appeals moved beyond the informal level while the others were screened out as incomplete or insufficient. Of the four screened-out complaints, none were connected to a medical claim. Two concerned Plaintiff's custody/classification, one pertained to a property matter, and the fourth was submitted by another individual on Plaintiff's behalf. (Decl. of B. Daveiga in Supp. of Mot. to Dismiss. 3:3-10, ECF No. 35.) Only one of Plaintiff's appeals advanced the third level of appeals. However, Plaintiff's appeal in that case was unrelated to the present issue. It concerned alleged damage to a television which occurred during a search of his cell. (Decl. of D. Foston in Supp. of Mot. to Dismiss 2:28-3:3, ECF No. 35; Decl. of B. Daveiga 2:18-21, ECF No. 35.) Plaintiff did submit one request seeking physical therapy for his hand that was partially granted at the first formal level of review. However, Plaintiff was informed that he could appeal the decision to a higher level in order to seek further relief but did not do so. (Decl. of B. Daveiga 2:22-3:1, ECF No. 35.) Plaintiff never submitted a medical appeal to the third and final level of administrative review. (Decl. of J. Walker in Supp. of Mot. to Dismiss Compl. 2:1-5, ECF No. 35.) Further, Plaintiff's appeal did not inform prison officials about Defendant's alleged deliberate indifference. (Decl. of B. Daveiga Ex. B, ECF No. 35.) Plaintiff only sought physical therapy for his hand. Thus, Plaintiff's administrative appeal did not give prison officials a fair opportunity to address Plaintiff's claim that Defendant acted with deliberate indifference.

In his first amended complaint, Plaintiff claims that he exhausted his administrative remedies. Plaintiff vaguely asserted that his appeals "were denied at each level, some were partially granted. Most screened out.[sic]" (Am. Compl. 2, ECF No. 17.) Plaintiff's allegations do not necessarily refute Defendant's arguments, as both parties contend that Plaintiff filed multiple appeals, some of which were partially granted and others screened out. Plaintiff has not alleged any specific facts that rebut Defendant's contention that Plaintiff did not pursue an appeal that went through each level of the administrative review process. Although Plaintiff contends that some of his appeals were

5

screened out, he does not specify the grounds on which the appeals were screened out. Defendants contend that some of the appeals were screened out because they were incomplete or otherwise insufficient. Plaintiff is required to properly exhaust his administrative remedies, which entails compliance with the prison's procedural rules. Appeals that are screened out due to Plaintiff's failure to follow the prison's procedural rules do not excuse Plaintiff's obligation to exhaust all administrative remedies.

Defendant has demonstrated that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff did not pursue an administrative appeal regarding his claim to the final level of administrative review. Plaintiff failed to oppose Defendant's motion so it is unclear whether Plaintiff's failure to pursue the administrative process to the final level would be excused. As a result, the Court finds that Plaintiff has failed to fully exhaust his administrative remedies. The Court will recommend that Defendant's motion to dismiss be granted.

Since the Court finds that Defendant's motion to dismiss should be granted based on Plaintiff's failure to exhaust his administrative remedies, the Court declines to address Defendant's remaining arguments in support of the motion to dismiss.

## IV. Conclusion and Order

The Court finds that Plaintiff has failed to properly exhaust his administrative remedies, as required by the PLRA. Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on March 15, 2010, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

1 | Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
2 |
3 | IT IS SO ORDERED.
4 | **Dated:     August 23, 2010**               /s/ Sheila K. Oberto
  |                                              UNITED STATES MAGISTRATE JUDGE